UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DONALD GEORGE,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:24-cv-00149-MHH |
| } | |
| **GROOME TRANSPORTATION** } | |
| **and GROOME** } | |
| **TRANSPORTATION OF** } | |
| **ALABAMA LLC,** } | |
| } | |
| **Defendants.** } | |
| } | |

**MEMORANDUM OPINION AND ORDER**

Donald George, proceeding *pro se*, filed a complaint against Groome Transportation and Groome Transportation of Alabama LLC—an airport shuttle operator and Mr. George's employer—in Alabama state court. (Doc. 1-1, pp. 2, 6).¹ Groome filed a notice of removal, beginning the federal court proceedings in this case. (Doc. 1). Since the federal court proceedings began earlier this year, the parties have filed nine motions. (*See* Docs. 3, 5, 6, 7, 10, 11, 12, 14, and 15). This

---

¹ The Court has not found information in the record in this case that indicates whether Groome still employs Mr. George. Groome states in its removal petition that it was Mr. George's employer "at all times pertinent to the Complaint." (Doc. 1, p. 3, ¶ 11).

For information about the nature of the services Groome provides, see GROOME TRANSPORTATION, https://groometransportation.com/?&sd_client_id=2a21bf9e-0566-439c-a447-6bcd86aa7ca3 (last visited Sept. 24, 2024).

1

order resolves these nine motions, most of which are intertwined to some extent. The Court begins with a brief overview of the relevant procedural history and Mr. George's factual allegations before turning to the procedural rules that govern the parties' motions.

I.

Mr. George sued Groome in state court on December 15, 2023. (Doc. 1-1, pp. 2, 6). Mr. George then attempted to perfect service on Groome as required by Rule 4 of the Alabama Rules of Civil Procedure. (Doc. 1-1, pp. 12-41). First, Mr. George issued service on December 15, 2023 by certified mail. On December 20, 2023, the United States Postal Service returned the mail to state court marked "not deliverable." (Doc. 1-1, pp. 3, 12-19). Mr. George reissued service by certified mail on December 28, 2023, which USPS, on January 3, 2024, returned to state court marked "not deliverable." (Doc. 1-1, pp. 3, 20-24).[2] Next, Mr. George, via Federal Express, sent Groome a letter dated January 2, 2024 and entitled "DUE NOTICE OF CIVIL ACTION HAS BEEN FILED." (Doc. 1-1, pp. 25, 37-38). FedEx indicated it delivered Mr. George's letter to Groome on January 3, 2024. (Doc. 1-1, pp. 39-41). In a letter to the state court, which the state court stamped received on January 10, 2024, Mr. George wrote that Groome received his letter via FedEx on January 3, 2024, and Groome received "the complete filed complaint with the [summons]

---

[2] Mr. George used the same address for his first and second attempts at service.

FILED 12/15/2023. SERVICE BY USPS. . DATE 01/08/2024 received on 01/09/2024 at 5:40 pm by. . .C.Carrier." (Doc. 1-1, p. 25). Mr. George included with his letter to the state court a copy of his USPS tracking information, which confirmed the January 9, 2024 delivery by the United States Postal Service to Groome in Richmond, Virginia of a copy of a summons and Mr. George's complaint. (Doc. 1-1, pp. 27-36).

In his state court complaint, Mr. George asserts claims for employment discrimination and retaliation under "42 U.S.C. Title VII," which appears at 42 U.S.C. § 2000e *et seq*.; discrimination and retaliation under 42 U.S.C. § 1981; breach of a contract under Alabama law based on the Groome employee handbook; "state due process of laws and due process as a right," which the Court understands to mean state and federal due process claims; a complaint "of safety and health working condition without retaliation;" and an assertion of "Equal right under the law," which Mr. George also describes as equal protection of the laws. (Doc. 1-1, pp. 30-31, 33).[3] In his complaint, Mr. George asserts that he filed an "EEOC complaint," likely

---

[3] A plaintiff may assert claims for race discrimination and retaliation under 42 U.S.C. § 1981. *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 457 (2008). Mr. George characterizes his complaint broadly as one for "RETALIATION/DISCRIMINATION," citing to both "42 U.S.C. TITLE 7 AND 42 U.S.C. 1981." (*See* Doc. 1-1, p. 6). The Court thus interprets his complaint to include claims for race discrimination and retaliation under § 1981.

Groome interprets Mr. George's claim about safety, health, and working conditions as one made under the Occupational Safety and Health Act. (Doc. 5, p. 2, ¶ 4). The Court does not need to decide here whether Mr. George brings this claim under the Occupational Safety and Health Act, another federal law, or state law.

a charge of discrimination with the Equal Employment Opportunity Commission, in August of 2023, and he indicates that the EEOC issued a right to sue letter on September 19, 2023. (Doc. 1-1, p. 10). Mr. George has not filed copies of these documents with the Court.

The factual allegations in Mr. George's complaint focus largely on Groome's purported failure to follow policies set forth in the company's employee handbook, as they pertained to Mr. George's alleged involvement in a "fuel spill [] on the nightshift" and a meeting about the spill in May of 2023. (Doc. 1-1, pp. 32-33). Mr. George briefly outlines these policies and discusses how Groome allegedly did not follow them, but Mr. George provides little other detail in his complaint. (Doc. 1-1, pp. 30-34). Without a copy of his EEOC charge, the Court has no other information concerning the events that led Mr. George to sue Groome. Because Mr. Groome brings claims under Title VII and § 1981, the Court infers that he asserts a Title VII claim for race discrimination and retaliation against Groome, because § 1981 concerns race discrimination. Still, the Court cannot tell whether Mr. George's Title VII claim concerns only race or involves other protected characteristics because Mr. George has not identified the basis of his Title VII discrimination and retaliation claims in his complaint.

In its February 8, 2024 notice of removal, Groome asserts that the Court has jurisdiction over the subject matter of Mr. George's federal and state claims pursuant

4

to 28 U.S.C. §§ 1331 and 1367(a), statutes concerning federal question jurisdiction and supplemental jurisdiction for state law claims. (Doc. 1).[4] Groome also asserts that it complied with the procedural requirements for removal under 28 U.S.C. § 1446. (Doc. 1, p. 2, ¶¶ 6-7).

On February 13, 2024, Mr. George moved for Groome to provide a more definite statement under Federal Rule of Civil Procedure 12(e). (Doc. 3). He asked: "HOW DOSE [sic] THE DISTRICT COURT HAS [sic] 'ORIGINAL JURISDICTION' U.S.C. 28 1331[?]" and "HOW DOSE [sic] THE STATE COURT DOSE [sic] NOT HAVE ORIGINAL JURISDICTION[?]" (Doc. 3, p. 1). Mr. George also asked Groome to explain how the federal court has supplemental jurisdiction over state law claims and asked which of his claims Groome regarded as state law claims. (Doc. 3, p. 1). Finally, Mr. George asked Groome to explain why federal court is a better venue than state court. (Doc. 3, p. 2). On February 20, 2024, Mr. George filed a motion in which he asked the Court to order Groome to respond to his February 13, 2024 motion. (Doc. 6).

On February 16, 2024, Groome filed a motion to dismiss Mr. George's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for insufficient pleading and for failure to state proper claims under federal and state law. (Doc. 5).

---

[4] Magistrate Judge Cornelius presided over this case from February 8, 2024 until February 26, 2024, when the Court received the case through random reassignment after the parties did not consent to dispositive jurisdiction by a magistrate judge. (Doc. 9).

5

On February 20, 2024, Mr. George filed a motion "TO DISMISS or TO STAY FARTHER [sic] PROCEEDING ON DEFENDAN [sic] FILED NEW CLAIM INTO THIS court." (Doc. 7). In the motion, Mr. George contends that Groome misused legal process in removing his state court complaint to federal court, and Mr. George cites several federal statutes that he contends Groome violated. (Doc. 7, pp. 1-2).

On March 8, 2024, Mr. George filed three motions. The first is a motion under Federal Rule of Civil Procedure 11 for a "THOROUGH INVESTIGATION" into the actions of Groome in removing his case from state court to federal court. (Doc. 10). In his second motion, Mr. George asks the "defendants and counsel [to] submitt [sic], tangible evidence" of federal jurisdiction. (Doc. 11). In his third motion, Mr. George asks the Court to remand his case to state court; challenges Groome's standing, likely to remove his case to federal court; and asks the Court to enter default against Groome pursuant to Alabama Rule of Civil Procedure 55. (Doc. 12).[5] In his third motion, Mr. George argues that Groome has not established a basis for federal court jurisdiction over his case and that Groome removed improperly because the company did not respond to his complaint in state court and did not seek approval in state court before filing a notice of removal. (Doc. 12, pp. 3-6).

---

[5] As explained in more detail below, the Federal Rules of Civil Procedure govern Mr. George's action in federal court; the Alabama Rules of Civil Procedure do not apply. Mr. George thus cannot seek default in this Court under Alabama Rule of Civil Procedure 55.

On March 27, 2024, Mr. George filed a motion in which he again raises concerns about Groome's removal of this action. (Doc. 14). And on July 10, 2024, Mr. George filed a motion "FOR STATUTORY INJUNCTION." (Doc. 15). In his July 2024 motion, Mr. George asks the Court to enjoin Groome because Mr. George contends that Groome engaged in unprofessional conduct and violated Rule 11 of the Federal Rules of Civil Procedure when Groome removed his case from state court to federal court. (Doc. 15).

On September 19, 2024, the Court held a telephone hearing in which Mr. George and an attorney for Groome participated. (*See* Doc. 17). During the call, Mr. George renewed his arguments concerning flaws he perceives in Groome's removal, and he asked the Court to remand his case to state court. Mr. Groome declined to amend his complaint to add more detail to his claims.[6]

## II.

With respect to Mr. George's motion to remand, he rightly understands that "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citation omitted). Under 28 U.S.C. § 1441, a defendant may remove from state court to federal court cases over which Congress has conferred jurisdiction to federal

---

[6] A transcript of the September 19, 2024 telephone conference is available upon request.

7

courts. Section 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Sections 1446 and 1447 provide the procedural requirements with which defendants must comply to remove a case properly. *See* §§ 1446, 1447. Following removal, the defendant bears the burden of establishing subject matter jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

After a defendant removes a case to federal court, a plaintiff may file a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction . . . within 30 days after the filing of the notice of removal." § 1447(c). And, if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1441(c); *see also* FED. R. CIV. P. 12(h). In considering motions to remand, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Williams v. AFC Enters., Inc.*, 389 F.3d 1185, 1189 (11th Cir. 2004) (internal quotation marks omitted).

If a defendant has removed a state case to federal court properly, then the Federal Rules of Civil Procedure govern the action rather than state procedural rules.

FED. R. CIV. P. 81(c)(1).[7]  Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  The Supreme Court of the United States has explained that, to "survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Meeting this standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and

---

[7] Rule 81 requires a "defendant who did not answer before removal" to:

> [A]nswer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed.

FED. R. CIV. P. 81(c)(2).  Because Groome did not respond to Mr. George's complaint in state court before Groome removed the case to federal court, pursuant to Rule 81, Groome had until February 16, 2024 to respond to Mr. George's complaint because February 16 is seven days from February 9, 2024, the day after Groome removed this case.  Rule 6 of the Federal Rules of Civil Procedure directs courts to "exclude the day of the event that triggers the period" when computing time.  FED. R. CIV. P. 6(a)(1)(A).  Because Groome filed its motion to dismiss pursuant to Rule 12(b)(6) on February 16, 2024, Groome timely responded to Mr. George's complaint.

the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Twombly*, 550 U.S. at 555).[8]

"A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted). "*Pro se* litigants, however, are required to conform to procedural rules," *Roy v. Ivy*, 53 F.4th 1338, 1346 (11th Cir. 2022) (citation omitted), and a court may not re-write a deficient complaint for a *pro se* litigant, *United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021) (citation omitted). With these principles in mind, the Court turns to the parties' motions.

## III.

### A.

In its notice of removal, Groome properly cites as the basis for federal jurisdiction in this case 28 U.S.C. § 1331. That statute provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In his complaint in this action, Mr. George asserts several federal law claims including his Title VII

---

[8] Alabama courts require less-stringent pleading. Under Alabama law, "dismissal is only proper when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Altrust Fin. Servs., Inc. v. Adams*, 76 So. 3d 228, 235 (Ala. 2011) (citation omitted). The Court discussed the difference in federal and state pleading requirements with Mr. George during the September 19, 2024 telephone hearing on the parties' motions.

discrimination and retaliation claims and his § 1981 discrimination and retaliation claims. These claims alone confer subject matter jurisdiction upon this federal court.

Notably, Mr. Groome appears to understand this rule of law. Mr. George has filed two lawsuits in this district, both of which are pending. In *George v. The Cincinnati Insurance Company*, No. 2:24-cv-00351-AMM, which Mr. George filed on March 20, 2024, Mr. George, among other claims, brings a claim of discrimination under § 1981. (No. 2:24-cv-00351-AMM, Doc. 1, p. 8). He asserts that the basis for federal jurisdiction in that case is federal question jurisdiction. (No. 2:24-cv-00351-AMM, Doc. 1, p. 3). In *George v. S&S Tire – Bestone Tire*, which Mr. George filed in August 2024, Mr. George, among other claims, brings discrimination claims under Title VII and § 1981 and asserts that those statutes provide a basis for federal jurisdiction. (No. 2:24-cv-01123-ACA, Doc. 1, pp. 3-4). Thus, Mr. George has acknowledged in filings before this Court that employment discrimination claims under Title VII and § 1981 provide a basis for federal question jurisdiction in federal court.

Groome followed the appropriate procedure for removing this case. Under § 1441(a), a defendant must remove a case "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Mr. George filed his state court lawsuit in the Circuit Court for Jefferson County, Alabama. (Doc. 1-1, pp. 2, 6). Groome removed this case to the

11

United States District Court for the Northern District of Alabama, Southern Division, which covers the territory in which the Circuit Court for Jefferson County sits. (*See* Doc. 1, p. 3. ¶8).

Additionally, 28 U.S.C. § 1446(a) provides that:

A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

§ 1446(a). Groome has properly filed this information with the Court—(1) "a notice of removal signed pursuant to Rule 11;" (2) "a short and plain statement of the grounds for removal;" and (3) "a copy of all process, pleadings, and orders served upon [Groome]." (*See* Doc. 1, p. 1, ¶ 1; Doc. 1-1).

Section 1446(b) provides that:

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

§ 1446(b). As Mr. George acknowledged in his letter to the Circuit Court of Jefferson County, Groome first received "a copy of the initial pleading setting forth the claim for relief upon which [Mr. George's] action or proceeding is based" by

certified mail on January 9, 2024. (*See* Doc. 1-1, pp. 25-36). Under Rule 6, Groome's filing of their notice of removal on February 8, 2024 is within the 30-day window contemplated by § 1446(b).

During the September 19, 2024 telephone hearing on the parties' motions, Mr. George argued that Groome did not timely file its notice of removal because Groome did not remove within 30 days of Mr. George having filed his state court complaint, or, alternatively, because Groome did not do so within 30 days of receiving Mr. George's January 2, 2024 FedEx mailing. But, as discussed above, the clock for a § 1446(b) notice of removal filing did not start until Groome received a copy of Mr. George's complaint. Groome did not receive a copy of Mr. George's complaint on December 15, 2023, when Mr. George filed his complaint. (*See* Doc. 1-1, p. 3). Groome did not receive a copy of Mr. George's complaint in the January 2, 2024 FedEx delivery that contained Mr. George's letter to Groome. (Doc. 1-1, pp. 37-41). Under § 1441, Mr. George's letter to Groome does not suffice to provide the company with a copy of the complaint, especially because Mr. George's January 2, 2024 letter does not identify the types of claims that he alleges in his complaint. (Doc. 1-1, pp. 37-38). Mr. George's early attempts at service on December 15, 2023 and December 28, 2023 both returned to state court marked "not deliverable." (Doc. 1-1, pp. 3, 12-24). Therefore, Mr. George's arguments regarding the timeliness of Groome's removal are not persuasive.

>Section 1441(d) provides that:
>
>Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

§ 1441(d). Groome complied with this statutory provision, as the certificate of removal filed as Exhibit B to Groome's notice of removal in this Court indicates that Groome electronically filed the certificate with the Circuit Court of Jefferson County and mailed a copy to Mr. George via certified mail. (Doc. 1, p. 3, ¶¶ 9-10; Doc. 1-2). Therefore, Groome properly removed this case to federal court.

Mr. George's written arguments do not change this result. First, Mr. George mistakenly relies on *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007). (*See* Doc. 12, p. 3). In *Lowery*, the Eleventh Circuit addressed removal and remand in the context of a Class Action Fairness Act mass tort lawsuit. *See* 483 F.3d at 1187. Mr. George cites the Eleventh Circuit's discussion of removal based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. He cites *Lowery* for the proposition that, in the context of a removal based on § 1332, the defendant bears the burden of proving the claim satisfies the threshold amount in controversy requirement by a preponderance of the evidence. (Doc. 12, p. 3) (quoting and citing

14

*Lowery*, 483 F.3d at 1192, 1208, 1209).[9]  But Groome does not have to make a showing of the amount in controversy to remove this case because Groome removed under federal question jurisdiction per § 1331, not diversity jurisdiction under § 1332.

Second, Mr. George's argument that this Court cannot exercise jurisdiction over the state law claims in his action under § 1367(a) comes up short.  (*See* Doc. 12, p. 4).  Under § 1367(c), "district courts may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if:" (1) "the claim raises a novel or complex issue of State law;" (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;" (3) "the district court has dismissed all claims over which it has original jurisdiction;" or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c).  Mr. George's federal and state law claims relate to the fuel spill and the way in which he was disciplined for that spill.  The Court has not dismissed the claims over which it has federal question jurisdiction.  Mr. George's state claims do not raise novel or complex issues of state law, nor do they substantially predominate over the claims over which the Court has federal question

---

[9] Mr. George also cites to *Lowery* for principles of statutory construction.  (Doc. 12, p. 3) (citing *Lowery*, 483 F.3d at 1199).  The Court need not engage in statutory construction to rule on Mr. George's motion to remand.

jurisdiction. Finally, the Court has found no compelling reason for declining jurisdiction.

Finally, Mr. George's assertion that Groome lacked standing to remove this case is not persuasive. (Doc. 12, pp. 5-6). As discussed, § 1441 expressly gives defendants like Groome the statutory right to remove state cases to federal court when defendants comply with the statutory jurisdictional and removal requirements. Mr. George bases his lack of standing argument on the notion that Groome failed to respond to his complaint in state court and did not seek approval before filing a notice of removal. (Doc. 12, pp. 5-6). Under federal law, Groome did not have to do either to properly remove this action to federal court.

Therefore, the Court denies Mr. George's motion to remand (Doc. 12). Because Groome properly removed this case to federal court, the Court also denies Mr. Groome's motions for a more definite statement, (Doc. 3), to order Groome to answer, (Doc. 6), to dismiss or stay further proceedings, (Doc. 7), for a thorough investigation, (Doc. 10), to submit tangible evidence regarding jurisdiction, (Doc. 11), for a thorough investigation and to submit tangible evidence, (Doc. 12), to order Groome to answer, (Doc. 14), and for an injunction (Doc. 15).[10]

---

[10] The Court also denies Mr. George's motion for default under Alabama Rule of Civil Procedure 55 because the Alabama Rules of Civil Procedure do not apply in this case. (Doc. 12).

**B.**

With respect to Groome's motion to dismiss Mr. George's claims under Rule 12(b)(6), Groome principally asserts that Mr. George has not pleaded sufficient facts to support his claims for relief. (Doc. 5, pp. 6-7).[11] During the September 19, 2024 telephone conference regarding the parties' motions, the Court twice provided Mr. George with the chance to amend his complaint because Mr. George filed his complaint in state court pursuant to Alabama's lenient pleading requirements. As written, Mr. George's allegations in his complaint are not sufficient under Rule 8(a), and, as mentioned, Mr. George has not filed his EEOC charge in this action, so the Court cannot look to it for additional details. Mr. George has not alleged that Groome discriminated and retaliated against him based on any protected characteristic. (*See* Doc 1-1, pp. 6-10). He has not alleged how a protected

---

[11] In addition to its principal argument about the sufficiency of Mr. George's complaint under Rule 8(a), Groome advances these arguments: (1) Mr. George's ninth claim for relief based on safety, health, and working conditions fails as a matter of law because the Occupational Safety and Health Act does not provide a cause of action in this instance; (2) Mr. George has not properly alleged race discrimination under Title VII and § 1981 because his complaint makes no mention of his race, nor does it indicate how Groome discriminated against him on the basis of race; (3) Mr. George has not pleaded a claim for retaliation under Title VII, § 1981, or any other law because he does not show that he engaged in activity protected by law; (4) Mr. George cannot establish a claim for relief under federal and state due process protections because Groome is not a state actor, and Mr. George has not shown that he had a protected property interest in his employment; (5) Mr. George's breach of contract claim fails because Groome's employee handbook does not qualify as a contract under Alabama law; and (6) Mr. George's claim for failing to protect him from "unfair action" cannot proceed because no such cause of action exists. (Doc. 5, pp. 6-13).

characteristic factored into Groome's decisions. These are examples of the information that Mr. Groome should provide if he chooses to amend his complaint.

The Court offers Mr. George one more opportunity to amend his complaint. In an amended complaint, Mr. George must provide more information about the laws under which he brings his lawsuit, and he must add more factual details about the circumstances that led to his complaint and his efforts to exhaust his federal employment claims before the EEOC. He must file a copy of his EEOC charge and his right to sue letter from the EEOC. Mr. George should consider Groome's arguments in its motion to dismiss before preparing an amended complaint. (*See* Doc. 5).

The Court denies Groome's motion to dismiss as moot in anticipation of an amended complaint. No later than Friday, November 1, 2024, Mr. George must file an amended complaint. If Mr. George does not file an amended complaint by November 1, 2024, then the Court will dismiss this case without prejudice for failure to prosecute.

The Clerk of Court shall please mail copies of this memorandum opinion and order and Doc. 5 to Mr. George by certified mail. The Clerk shall please TERM Docs. 3, 5, 6, 7, 10, 11, 12, 14, and 15.

**DONE** and **ORDERED** this September 25, 2024.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE